**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Phyllis JOHNSON, Individually and on Behalf of Each Person Similarly Situated, Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, Defendant.**

No. 1:94 CV 5019.
MDL No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 22, 1995.

---

1. Wyeth–Ayerst has reserved its right to challenge venue, move to sever, and to move for separate trials at a later date.

Steve H. Stodghill, Stodghill, Melsheimer & Tillotson, LLP, Dallas, TX, for Plaintiff.

Leslie A. Benitez, Burgain G. Hayes, Michael R. Klatt, Clark, Thomas & Winters, Austin, TX, for Defendant.

*MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REURGE AND DENYING MOTION FOR RE-CONSIDERATION AND MOTION TO CERTIFY INTERLOCUTORY APPEAL*

SCHELL, Chief Judge.

Before this court is Plaintiff's Motion to Reurge Motion for Reconsideration and Motion to Certify Interlocutory Appeal, filed on August 10, 1995, to which no response was filed. This motion seeks to reurge motions which previously were filed in the Northern District of Texas before this case was transferred to this court.[1] The previously-filed Motion to Certify Interlocutory Appeal was filed November 18, 1994, to which the Defendant responded on December 8, 1994. Finally, the previously-filed Motion for Reconsideration was filed on November 23, 1994. The Defendant filed its response to this motion on December 13, 1994. This court hereby GRANTS the Motion to Reurge. Upon consideration of the two previously-filed motions, responses, attached memoranda, and applicable case law, the court is of the opinion that the motions should both be DENIED.

## BACKGROUND

This matter originally was filed in Texas state court as a class action and subsequently removed to federal court. Following removal, Plaintiff filed a motion to remand, claiming that the case failed to satisfy the minimum jurisdictional amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff's argument was that punitive damages may not be aggregated to satisfy the amount in controversy requirement. After extensive briefing on this issue by the parties, Judge Sidney Fitzwater of the Northern District of Texas issued an opinion denying the motion to remand. The Plaintiff now seeks to have this court reconsider this opinion of Judge Fitzwater or certify the issue for interlocutory appeal.

## FACTS

The Plaintiff brought this class action on behalf of all women who have had Norplant[2] inserted in their bodies in the State of Texas and who have suffered total damages of less than $50,000 per person.[3] In the petition, Plaintiff alleges four general claims against the Defendant: violation of the Texas Deceptive Trade Practices Act, Negligence, Gross Negligence, and Strict Products Liability.[4] Plaintiff further seeks both actual and puni-

---

1. This case was transferred on approximately December 29, 1994 to this court by the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings.

2. Norplant is a long-term contraceptive device which is implanted under the skin of a woman's arm and delivers a continuous dose of the syn-

thetic hormone levonorgestrel in order to provide birth control for up to five years.

3. Pl.'s Original Class Action Pet. ¶ 23.

4. *Id.* ¶¶ 28–54.

**246**

tive damages on behalf of each proposed class member.[5]

## DISCUSSION

As stated in Judge Fitzwater's order, Defendant does not dispute that each plaintiff's claim for actual damages may not be aggregated with the claim of another plaintiff in determining the amount in controversy, but Defendant does assert that claims for punitive damages should be aggregated to meet the jurisdictional minimum for diversity jurisdiction. The Fifth Circuit has recently considered this issue, and in a similar situation, has found that punitive damages may be aggregated. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, *reh'g denied per curiam,* 70 F.3d 26 (5th Cir.1995).

In *Allen,* 512 plaintiffs brought suit in Mississippi state court for damages resulting from an oil-well explosion. *Allen,* 63 F.3d at 1329. The defendants, Louisiana corporations, removed the case to federal court, and the plaintiffs moved to remand, arguing that there was no evidence that each plaintiff's claim exceeded $50,000. *Id.* The district court, in denying the motion to remand, held that aggregation of punitive damages was proper because each plaintiff shared a common and undivided interest in the claim, and that the amount-in-controversy requirement of 28 U.S.C. § 1332 was therefore satisfied. *Id.* On appeal, the Fifth Circuit addressed the issue of whether claims for punitive damages under Mississippi law present a united claim for a common and undivided interest. After determining that the purpose of punitive damages in Mississippi is to punish and deter wrongdoing and that a plaintiff generally does not have a claim of right to punitive damages in Mississippi (i.e., a claim for punitive damages is not by itself an independent tort), the court held that the full amount of alleged punitive damages could be aggregated in determining the amount in controversy. *Id.* at 1330–35.

Similarly, under Texas case law, punitive damages are meant to punish; they have no compensatory purpose. *Estate of Moore v. Commissioner,* 53 F.3d 712, 715 (5th Cir.1995). Further, a plaintiff does not have a claim of right to punitive damages in Texas. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 n. 7 (Tex.1994) (quoting W. PAGE KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 2, at 14 (5th ed.1984)). Therefore, Judge Fitzwater was correct in holding that the full amount of punitive damages may be aggregated in Texas in determining the amount in controversy.[6]

Plaintiff also requests that this court certify the denial of the Motion to Remand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

After reviewing the Fifth Circuit's opinion in *Allen,* this court determines that there is not substantial ground for difference of opinion as to whether punitive damages may be aggregated in Texas for purposes of determining the amount in controversy.

Therefore, upon consideration of the motions, the responses, and the applicable case law, the court is of the opinion that the Motion for Reconsideration should be DENIED and the Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) should be DENIED.

---

5. *Id.* ¶¶ 34, 41, 44, & 55.

6. Although in denying the petition for rehearing and suggestion for rehearing en banc, the Fifth Circuit stated that the opinion in *Allen* is not to be construed as a comment on any similar case

that might arise under the law of any other state, *Allen,* 70 F.3d 26 (per curiam), applying the reasoning of *Allen* to the present Texas case results in an identical outcome.